McIlvaine, J.
The arguments of counsel in this case have brought into review the decision in Lindemann v. Ingham (36 Ohio St. 1), in which it was held that, under the act of 1859, “ regulating the mode of administering assignments in trust for the benefit of creditors,” an assignee, who had come into possession of mortgaged chattels after condition broken and had sold the same under an order of the probate court, was not liable, in an action by the mortgagee for converting the property to his own use. That in such case, the right of the mortgagee is transferred to the proceeds, and that the rule of non-liability is the same whether the proceeds of sale were greater or less than the mortgage debt. Without doubting that in the absence of the statute, the mortgagee, after condition broken, would be entitled to the possession of the property as against the mortgagor or his assignee, a majority of the court are still satisfied that by virtue of the statute, the assignee coming into possession of mortgaged property, by virtue of the assignment, has the right to administer the same under the direction of the probate court, whose duty it is, in distributing the proceeds, to adjust priorities of rights.
This construction of the statute being settled, it follows that the assignee should be allowed necessary and reasonable expenses incurred in defending his right to administer the mortgaged property as trust assets. And this principle, applied to the case before us, authorized the court below to allow the assignee a reasonable attorney fee, paid by him in defending the action brought by the mortgagees for the alleged conversion of the mortgaged property by him to his own use; and as between the plaintiffs and other creditors of the assignor, whose representative the assignee is, nothing can be plainer than that *221 this expense should be paid from the proceeds of the mortgaged property.
By the cross-petition in error, the defendant claims that, whereas the amount actually paid by him on account of such attorney’s fees was $500.00, which sum, according to the testimony offered, was the fair value of such services, the court erred in allowing him a credit for $340.00 only.
In making a reasonable allowance for attorney’s fees, the court was not concluded either by the amount actually paid or by the testimony offered as to the value of the services. That testimony, as to the value of such services, should be considered by the court, is clear enough, but it does not follow that the court was bound to adopt the opinion of others as to the reasonable value of such services. If the mind of the court was not satisfied by such aid as was thus furnished, it was its duty to resort to such other information as practice and experience afforded, in connection with such proofs, for the purpose of forming its judgment as to the real value of such services. And its judgment, thus enlightened, and free from all suspicions of bias, should not be disturbed.
Nor was there error in refusing to allow to the defendant the compensation by him paid to auctioneers. A trustee, whose duty it is under the direction of a court to make sale of property, should perform the duties of auctioneer himself, unless in the opinion of the court the services of a professional auctioneer are deemed necessary. The presumption is that every one charged, by law, with the performance of a.duty, is capable of performing the same. And where such officer is allowed compensation for the performance of a duty, he must perform it himself, or employ others at his own expense. The suggestion of a usage or custom to the contrary is of no avail. The record does not show the existence of such usage or custom ; but if it did it could not have the force of law, as it is unreasonable that an estate, in ordinary cases, should be twice charged for the same service. It may be, no doubt, that peculiar circumstances will justify, in some cases, the employment of an auctioneer ; but in such cases, the authority to make the employment should be obtained from the court directing the. *222 sale. Here no such direction was given, and, it is to be inferred, from tbe refusal to allow tbe expense, that in the opinion of the court, the employment in this case was not necessary.

Judgment affirmed.

White, J., dissented,, adhering to his dissenting opinion in the case as reported in 36 Ohio St. 1.